IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rice,<br><br>    Plaintiff,<br>  v.<br><br>Reynolds, *et al.*,<br><br>    Defendants. | Case No. 3:24-cv-7157-RMG<br><br>**ORDER AND OPINION** |

   Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending summary dismissal of Plaintiff's action. (Dkt. No. 20). No objections were filed. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Plaintiff's claims without prejudice and without issuance and service of process.

   **I.     Introduction**

   Plaintiff is detained in state prison awaiting trial on charges of shoplifting, petit larceny, and public disorderly conduct. (Dkt. No. 20 at 1). He brings this suit against a private security guard at a convenience store, his arresting officer, a state prosecutor and two municipal judges under 42 U.S.C. § 1983 seeking actual and punitive damages. (Dkt. No. 1).

   **II.     Legal Standard**

   The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C.

§ 636(b)(1).  In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III.    Discussion

The Magistrate Judge ably found that Plaintiff has failed to state any viable claim under § 1983.  Defendant Lipscomb is a private security guard, not a state actor, and cannot be sued under § 1983. (Dkt. No. 20 at 4).  Plaintiff's claim against Defendant Reynolds fails under *Heck v. Humphrey*, 512 U.S. 477 (1994) because he seeks to challenge the constitutionality of his arrest and detention. (*Id.* at 4-5).  Defendant Burn is entitled to prosecutorial immunity and Defendants White and Lipson are entitled to judicial immunity. (*Id.* at 5-6). Finding no clear error, the Court **ADOPTS** the R&R as the Order of the Court.

### IV.    Conclusion

In light of the foregoing, Plaintiff's claims are summarily **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**.

        s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

March 11, 2025
Charleston, South Carolina