**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Vincent Jermaine Rice, | Case No. 3:24-cv-07157-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Cramer Harvey, Director of Alvin S. Glenn Detention Center, | |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that Defendant's motion for summary judgment be granted. (Dkt. No. 70). Plaintiff has filed objections to the R&R. (Dkt. No. 78). For the reasons set forth below, the R&R is adopted as the Order of the Court and Defendant's motion for summary judgment is granted.

## I. Background

Plaintiff, a pretrial detainee proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging his detention for a shoplifting offense violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution. (Dkt. No. 1, at 4). Specifically, Plaintiff alleges that Defendant—director of Alvin S. Glenn Detention Center in Columbia, South Carolina— incarcerated him without a warrant.[1] *Id*. at 16. Plaintiff further claims that when he attempted to

---

[1] Plaintiff initially brought claims against several other parties who have since been dismissed from this action. (Dkt. No. 29).

file a grievance about his unlawful detention, Defendant placed him in solitary confinement for at least four months. *Id*.

Defendant filed a motion for summary judgment, primarily arguing that Plaintiff failed to exhaust his administrative remedies prior to bringing this action as required by the Prison Litigation Reform Act[2] ("PLRA"). (Dkt. No. 51, at 4-5). The Magistrate Judge recommended granting Defendant's motion, finding that Plaintiff failed to comply with the detention center's established procedures for filing grievances. (Dkt. No. 70, at 5-7). The Magistrate Judge noted that the record showed that Plaintiff merely filed inmate requests, which do not constitute grievances under the facility's policies. *Id*. at 6. Moreover, even if Plaintiff's inmate requests were considered an attempt to informally resolve his issues prior to filing a grievance, the Magistrate Judge reasoned that the record did not show that Plaintiff completed the grievance process before bringing this action. *Id*.

Plaintiff filed objections to the R&R (Dkt. No. 78), and Defendant filed a response (Dkt. No. 79). This matter is ripe for disposition.

## II.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making

---

[2] *See* 42 U.S.C. § 1997e(A) (providing that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").

a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

### III. Discussion

As an initial matter, many of Plaintiff's objections fail to raise specific objections to any portion of the R&R. *See* (Dkt. No. 78, at 2-3). Accordingly, the Court declines to address those non-specific arguments. *See* Fed. R. Civ. P. 72(b)(2) (requiring a party objecting to a Magistrate Judge's recommendation to file "specific written objections to the proposed findings and recommendations").

As to the portions of his objections that pertain to the R&R, Plaintiff contends that the Magistrate Judge's conclusion that Plaintiff failed to exhaust his administrative remedies is contrary to law in two respects. (Dkt. No. 78, at 3-4). First, under 5 U.S.C. § 552(a)(6)(C)(i),

Plaintiff argues that his inmate requests were sufficient because they functioned as "informal notice" of "Defendant's enforcement authority." *Id*. at 3. Second, under *Perttu v. Richards*, 605 U.S. 460 (2025), Plaintiff claims that he is entitled to a jury trial because the PLRA exhaustion issue is intertwined with the basis of his unlawful detention claim. *Id*. at 3-4. The Court finds each basis unavailing.

Plaintiff's first contention fails because § 552(a)(6)(C)(i) is inapplicable to the present case. The statute provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." § 552(a)(6)(C)(i). In the first instance, Defendant does not fall within the definition of an "agency," and thus the statute does not apply to him. *See* § 551(1) (defining "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency"). But even if Defendant were considered an "agency," Plaintiff's argument still fails because the Complaint does not allege that he requested records from Defendant. Therefore, Plaintiff fails to show that the R&R was contrary to law on this basis.

Relying on *Perttu v. Richards*, Plaintiff claims that when he attempted to file a grievance regarding his unlawful detention, Defendant retaliated by placing him in solitary confinement. (Dkt. No. 78, at 4). Defendant allegedly remarked that "because of 'separation of powers,' [Defendant] is not at fault" and instructed Plaintiff to "get a lawyer." (Dkt. No. 1, at 16). Plaintiff's reliance is misplaced.

In *Perttu v. Richards*, an inmate brought an action under the First Amendment of the United States Constitution, alleging that a guard sexually abused him, and that the same guard destroyed his grievances and threatened to kill him if he filed additional grievances. *See* 605 U.S. at 465. The

4

plaintiff also alleged that he was "wrongfully held in administrative segregation in retaliation for filing grievances." *Id*. at 465-66. The guard moved for summary judgment, and after an evidentiary hearing, a magistrate judge concluded that the inmate's witnesses were not credible on the issue of destroyed grievances and dismissed the case for failure to exhaust. *Id*. On appeal, the Sixth Circuit reversed the dismissal based on the view that a jury trial was required because the resolution of the exhaustion issue would also implicate a material factual dispute of the substantive First Amendment retaliation claim. *Id*. at 467. In essence, both the exhaustion issue (the plaintiff's ability to file grievances) and the merits of the retaliation claim (about the destruction of grievances) would turn on the same facts. *Id*. The Supreme Court affirmed, holding that an inmate is entitled "to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *Id*. at 468.

Considering the facts and issues before the Court, no intertwinement exists. Plaintiff's underlying claim challenging the constitutionality of his confinement does not arise from the same facts as the question of whether he had the ability to file a grievance. The facts giving rise to the Complaint concern the permissibility of Plaintiff's confinement for the shoplifting offense, not his access to or ability to utilize the grievance process. Accordingly, the issue of exhaustion need not be submitted to a jury under *Perttu*. Plaintiff therefore fails to demonstrate that the R&R was contrary to law on this basis.

## IV.     Conclusion

For the foregoing reasons, the R&R (Dkt. No. 70) is **ADOPTED** as the Order of the Court and Defendant's motion for summary judgment (Dkt. No. 51) is **GRANTED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 17, 2026
Charleston, South Carolina